**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD**

**KEVIN HOLLAND,**

       **Petitioner,**

**v.**                                  **Case No. 1:16-cv-06000**

**B.J. JOHNSON, Warden,
FCI McDowell,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.   The petitioner's conviction and direct appeal.

On May 31, 2007, Petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and cocaine base and possession of a firearm in furtherance of a drug trafficking crime, in the United States District Court for the Eastern District of Virginia. (*United States v. Holland*, No. 4:06-cr-00052-HCM-TEM-1, ECF No. 5).

On November 14, 2007, Petitioner was sentenced to 322 months in prison, consisting of a 262-month sentence on his controlled substance offense and a consecutive 60-month sentence on the firearms offense.   (*Id.*, ECF No. 13).   Petitioner's sentence included an enhancement under the career offender guideline of the United States Sentencing Guidelines, USSG § 4B1.1.

These sentences were also ordered to run concurrently with a state sentence imposed by the Circuit Court of Virginia Beach, Virginia, for possession of cocaine.   (*Id.* at 2).   Petitioner was also ordered to serve concurrent five-year terms of supervised release upon conclusion of his terms of imprisonment.   (*Id.* at 3).

### B.    Petitioner's prior post-conviction filings.

Petitioner did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit.   However, on September 3, 2013, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia.   (*Id.*, ECF No. 14).   In that motion, Petitioner asserted that his sentencing enhancement under USSG § 4B1.1 was inappropriate in light of the Supreme Court's ruling in *Alleyne v. United States,* 133 S. Ct. 2151 (2013), and the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 327 (4th Cir. 2011).

On March 18, 2015, the United States District Court for the Eastern District of Virginia denied the section 2255 motion as untimely and found no grounds for equitable tolling of the statute of limitations.   (*United States v. Holland*, No. 4:06-cr-00052-HCM-TEM, 2015 WL 1262626 (E.D. Va. Mar. 18, 2015)).   The Fourth Circuit subsequently denied Petitioner a certificate of appealability and dismissed his appeal of this decision.

(*United States v. Holland*, No. 15-6543, 615 F. App'x 818 (4th Cir. Sept. 11, 2015) (unpublished)).

### C.     Petitioner's section 2241 petition.

The instant section 2241 petition summarily challenges Petitioner's sentence on the basis that his prior North Carolina conviction for possession with intent to deliver marijuana "no longer applies for Career Offender Guideline Enhancement in light of Simmons, Begay, Descamps and Hemingway (Invalid Conviction)."   (ECF No. 1 at 6). The petition further states "Petitioner's June 26, 1996 N.C. State Court Conviction – PWISD Marijuana which he faced a max. sentence of eight (8) months under Simmons. SEE Ex. #2, attached hereto in support."   (*Id.* at 7).   Petitioner requests that this Court "Vacate Career Offender Guideline Sentence and re-sentence Petitioner to a term uninfluenced by career offender Guideline Enhancement for all of the reasons stated herein."   (*Id.* at 8).

Thus, Petitioner appears to be relying upon the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the United States Court of Appeals for the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Hemingway*, 734 F.3d 323 (2013).   In *Begay* and *Descamps*, the Supreme Court addressed the use of a "categorical approach" to determine whether certain crimes qualified as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).   In *Descamps*, the Supreme Court simply clarified that, in determining whether a previous conviction counts as a "violent felony" under the ACCA, a sentencing court may look only to the elements of a defendant's prior conviction, not "to particular facts underlying those convictions."

133 S. Ct. 2276, 2283 (2013).    *Descamps* further clarified that, when a statute is "divisible," that is, when it contains alternative elements that constitute multiple offenses, the court may apply the "modified categorical approach" (permitting review of certain approved documents) to determine under which subpart of the statute the defendant was convicted (hereinafter "divisibility analysis").   In *Hemingway*, the Fourth Circuit held that divisibility analysis applies to determine whether a common law crime is an ACCA predicate offense.   Petitioner does not explain how each of these decisions is potentially applicable to his case.

In *Simmons*, the Fourth Circuit overruled previous Circuit decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions rendered under a unique sentencing scheme, the court should look to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.   Here, Petitioner appears to contend that his prior North Carolina drug crime does not qualify as a predicate controlled substance offense under the career offender guideline because his maximum sentence for that crime did not exceed one year.

On June 23, 2017, Petitioner filed a Motion to Supplement/Amend his section 2241 petition (ECF No. 16), seeking to include a claim for relief in light of the Supreme Court's decisions in *United States v. Mathis*, 136 S. Ct. 2276 (2016), and *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015).[1]   The undersigned has granted the Motion to Supplement/Amend by separate Order.

---

1   In *Mathis*, the Supreme Court determined that an Iowa burglary conviction did not qualify as a violent felony under the ACCA because an element of the crime was broader than those of the generic crime used to determine the enumerated offense in the statute.   In *Mellouli*, the Court determined that a misdemeanor

## ANALYSIS

### A.    The petitioner is not entitled to relief under section 2241.

Petitioner's claims clearly challenge the validity of his sentence, and not the manner in which the sentence is being executed.    Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Virginia.    Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.    *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").    *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

drug crime under Kansas law did not qualify as an offense that would subject an alien to removal under 8 U.S.C. § 1227.    Here, Petitioner contends that, pursuant to these decisions, his North Carolina drug offense is not a "controlled substance offense" and, thus, it cannot be used as a predicate offense for career offender status.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

Although Petitioner may be asserting that the case law cited in his petition documents constitutes an intervening change in substantive law that retroactively affects his case, the authority upon which he relies does not change the substantive law such that the <u>conduct of which the petitioner was convicted is deemed not to be criminal</u>. Rather, the case law cited by Petitioner only addresses whether prior convictions were properly used to enhance his sentence, which does not implicate the savings clause. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n. 1 (2013) (a prior conviction used in conjunction with recidivist enhancements is a sentencing factor, not an "element" of a triggering crime);

6

*Barnhart v. Saad*, 3:15-cv-99, 2016 WL 347340 *4 (N.D. W. Va. Jan. 28, 2016) (§ 2241 petition asserting challenges to sentencing enhancement under *Descamps* and *Johnson* dismissed for failure to meet savings clause).

Furthermore, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241. Petitioner previously filed an unsuccessful and untimely section 2255 motion in his court of conviction.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241.   Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.   Additionally, in light of the fact that the petitioner has already unsuccessfully challenged his conviction and sentence in a prior 2255, the undersigned proposes that the presiding District Judge **FIND** that transfer of this action to Petitioner's court of conviction for consideration under section 2255 would be futile because such a motion would be an unauthorized second or successive motion.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

September 7, 2017

Dwane L. Tinsley
United States Magistrate Judge

8